UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEVIN SANDERS<br>   *PLAINTIFF*<br>   V.<br><br>KACAL'S OIL & GAS CO. DBA KACAL'S AUTO & TRUCK SERVICE<br>   *DEFENDANT* | CASE NO: 4:25-CV-5945 |

COMPLAINT

Plaintiff, complaining of the Defendant, alleges and says:

**PARTIES**

1. Plaintiff Kevin Sanders is a resident of California.
2. Defendant Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service is a corporation formed under the laws of Texas with a principal place of business in Texas. They are located at 5030 Old Spanish Trl, Houston, TX 77021. They can be served by service on their registered agent William Kacal at 2112 Inwood Drive, Houston, Texas 77019.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1332, because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.
4. This Court has personal jurisdiction over defendant Kacal's Oil & Gas Co. dba

Kevin Sanders vs. Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service -- Complaint

1 of 14

Kacal's Auto & Truck Service because defendant is a Texas company with its principal place of business in Texas.

5. This Court is the proper venue for this case pursuant to 28 USCS § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas. The RV was brought to defendant's facility in Houston, Texas, which is within the Southern District of Texas, and all of the repair work (and lack thereof) occurred at that location.

6. Plaintiff has sent a demand letter as required under the Deceptive Trade Practices Act; however, no settlement has been reached and Defendants did not request mediation.

## STATEMENT OF FACTS

7. After a full career, plaintiff Kevin Sanders retired and purchased a 2008 Gulfstream Crescendo 40 UL, VIN number 5B4NR973X82001016.

8. Plaintiff had planned a trip around the country in his RV, stopping along the way to visit with friends from his time in the service as well as those he had met through work or hobbies.

9. In May 2024, plaintiff's RV started stalling and stopping when he was in Southeast Texas.

10. A mobile mechanic came out to plaintiff's location and could get the RV started, but it still did not run well.

11. Plaintiff was parked in a grocery store parking lot for a couple of days, calling different shops in Houston and trying to reach anyone as it was the weekend.

12. Eventually, plaintiff was able to talk to someone at defendant's repair shop. Plaintiff believes it was Mike Kacal who convinced him to have the vehicle brought to defendant's facility for repair. Mike Kacal told plaintiff that defendant had the most skilled and qualified mechanics to work on motorhome diesel engines.

14. In reliance on Mike Kacal's assurances about the shop's experience, expertise, and

Kevin Sanders vs. Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service -- Complaint

2 of 14

certifications, plaintiff brought the RV to defendant's facility on or about May 8, 2024.

15. On May 13, 2024, plaintiff received two estimates for repairs – one for around $13,000 and the second, which included the work from the first plus a few extra items, for around $14,000.

16. Defendant told plaintiff that the repairs would take about two weeks.

17. The estimate included $355 for evaluation of the problems as well as repairs that were needed, including work to the radiator, the cylinder head, coolant level sensor and fan, and to cleanout and test the DPF/CAT exhaust and sensors.

18. Plaintiff agreed to the repairs and left in his Jeep to keep up part of his planned journey.

19. As the weeks went on, the RV was still not repaired, and the estimated time and cost kept increasing.

20. Plaintiff called defendant frequently but did not always reach someone. When he did, he would get vague updates and be told that the RV should be ready in a few days to two weeks.

21. In June 2024, plaintiff was informed that the engine in his RV would need to be replaced.

22. Plaintiff ordered a new engine himself on June 13, 2024, from US Engine Production Inc. in Lindenhurst, New York, for $10,585.00.

23. This price depended on the old engine from plaintiff's Gulfstream to be sent to US Engine Production, Inc. on trade so that they could use what they could from it for refurbishing.

24. Despite the new engine being delivered, defendant continued to delay the repairs, always telling plaintiff it would be just a few more days.

25. Plaintiff could see that the mechanics who had been working on his RV were gone, and eventually, every team of mechanics working on his RV would quit or be fired.

Kevin Sanders vs. Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service – Complaint

3 of 14

26. It did not seem that any of defendant's mechanics were certified for Caterpillar engines such as that inside his RV. Nor did they seem to have experience with motor homes.
27. To save money – and because it was supposed to be ready to go any day – plaintiff began to live in his Gulfstream at defendant's facility.
28. Plaintiff had no privacy in the daytime while mechanics were around, and he had to be inside by around 6 pm or risk getting locked out at night.
29. On weekends when the shop was closed, plaintiff has to pay for motels as the vehicle was locked up from Friday evening until Monday morning.
30. Plaintiff could see that things were not getting done. His new engine was present, but not installed.
31. Other parts, including those that had been connected to the old engine, were not set in an organized fashion. Some were outside on a flatbed truck, others were left outside on a pallet, others were left outside in shopping carts, while still others were scattered around on the shop floor.
32. It appeared that many of the parts had been left outside for at least 6 months. These engine parts were exposed to dust, sun, rain, and a hurricane.
33. Despite this, plaintiff was always told "one more week" and it would be done.
34. On October 9, 2024, a month after plaintiff got back to the shop in Houston, Bob James told plaintiff that they were waiting on another part and it would be another week.
35. A mechanic told plaintiff it was an EGT Sensor that had been broken by the first mechanics. This was not the only part that was broken by the mechanics' lack of skill and training.
38. On October 21, 2024, Bob James told plaintiff it would be just one full day and his RV would be ready.
39. Plaintiff knew that the mechanics would often start work on his Gulfstream and

Kevin Sanders vs. Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service – Complaint

4 of 14

then be pulled off to work on other vehicles.

## A certified inspector reviewed the repairs done by Defendant and found them improper and dangerous

40. In November 2024, with the RV still not running and mechanics being continually pulled off it to work on "priority" jobs, plaintiff requested that an RV expert come look at his vehicle and report on what he saw.

41. Bill Riggs of Associated RV Services, LLC, an RV inspector certified by the National RV Inspectors Association, came out to defendant's facility on November 20, 2024, to inspect the condition of the 2008 Gulf Stream Crescendo.

42. Mr. Riggs found that the condition of the engine was a "Life Safety Issue" and should be repaired by a qualified RV technician before it was used.

43. The shop technician told Mr. Riggs that the wiring harness, hoses, and fuel lines had been cut when the engine was removed.

44. However, the new engine was set up in the RV, so these things should have been either replaced or reattached. They were not.

45. Not only was the engine present without mounting brackets, proper wiring, or connected fuel lines, but the radiator had been attached to the front of the RV the day before, thus blocking further work from being done on the engine at all.

46. The engine running condition was marked as "poor" for the same reasons – without being properly connected both physically and electrically, the engine was not going to be functional.

47. Mr. Riggs' report included photographs of the lack of connections. Sensor wires were not connected, support brackets for the engine were missing, and a fuel line was disconnected.

48. Wiring and hoses that had been on the vehicle when it contained the former engine were lackadaisically looped around body parts or left dragging on the ground.

Kevin Sanders vs. Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service – Complaint

5 of 14

49. The RV was not ready to go, and with the lack of experience and training that the mechanics had (another team had quit on or around November 20), plaintiff realized he would be better off purchasing a used RV to live in and leaving Houston to be closer to family.
50. Plaintiff could not afford a vehicle as nice as the Gulfstream, but he was able to purchase a smaller motor home, and in that, he left defendant's facility.
51. One reason the newer, smaller home was lower in price was that it was gasoline instead of diesel powered and only got about 6 miles to the gallon, which made the trip home more expensive than it would have been in his original RV that was still at defendant's facility.
52. Plaintiff has not heard from defendant in months. Once he left Houston, plaintiff would have to contact defendant to get information about his vehicle, and usually, he had to call and email multiple times to get any response.
53. The responses were always vague and not reassuring. It was only after being pressed that a new estimate was even created for Plaintiff. With all the delays and the expense of being without his motorhome, plaintiff was not happy to get a new estimate for the work being done – almost $26,000.00 – and they were not done.
55. At no time has anyone from defendant offered to reimburse plaintiff for the cost of the engine that he purchased and has not yet been properly installed into his vehicle, or to reimburse him for the engine that was there originally.

**Defendant's failure to repair the RV and their continued misleading statements before and after the repairs started have damaged Plaintiff in multiple and serious ways.**

56. Plaintiff has been damaged in multiple ways from the destruction and keeping of his RV by defendant.
57. Plaintiff does not have the 2008 Gulf Stream that he purchased with his savings,

Kevin Sanders vs. Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service -- Complaint

6 of 14

and he does not have the ability to purchase a similar replacement.

58. For months, plaintiff had no home at all as the RV had been purchased to be his residence. Eventually, he purchased a smaller RV, but it has less space and higher fuel costs.

59. Plaintiff lost the money he spent to purchase the refurbished engine that was put into his Gulf Stream, but not properly so while he bought the engine, it did not fix the RV.

60. Defendant's destructive way of removing the original engine made it much more difficult to install the new engine, and to date, that has yet to occur.

61. Plaintiff suffered loss of use damages. Without the ability to rent a comparable vehicle, plaintiff had to abandon his trip up the Atlantic coast where he was to have visited friends and enjoyed his retirement.

62. Instead, plaintiff stayed in cheap hotels and slept in his RV while it was on defendant's lot in Houston.

63. Plaintiff has to pay $145/month for storage of his belongings that fit in the Gulf Stream but for which he now has no storage.

64. Plaintiff is retired and lives on VA disability and social security. He has gone from having a sizable nest egg of savings and no balance on his credit cards to under $5,000 in savings and high credit card debt that builds up interest.

65. The expenses put on the cards and using up his savings came from having to live in motels instead of the RV that he owned as well as from mitigating his damages by purchasing the smaller RV.

66. Until he got the replacement, plaintiff could not cook meals or store ready-made foods like he could in the RV, other than for the weeks when he lived in the RV at the repair shop.

67. Plaintiff had to be treated at the VA in Houston while undergoing his nightmare stay at defendant's facility. He had flare-ups of his pre-existing breathing problems

Kevin Sanders vs. Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service -- Complaint

7 of 14

as well as an aneurysm.

68. Plaintiff's dream trip – and his home – were destroyed by defendant. Instead of living in a spacious RV and visiting friends along the Atlantic Coast and up to New England and then back West across the country, he stayed in his RV in the repair lot where workers came in early in the morning, turning on lights and waking him up. Then plaintiff had to be inside the vehicle by closing time as he was locked into the shop "at night" – but night started around 6 or 7 pm when the repair staff went home.

69. Plaintiff had no privacy, no freedom, and no control over his schedule. This was much more than an annoyance or concern – defendant's damage to the RV substantially disrupted plaintiff's quality of life, causing him mental pain and distress for months.

70. If defendant had been honest with plaintiff and informed him that the engine removal was more complicated than their mechanics were trained for, he could have either had the RV towed elsewhere for repair or at the very least, gone to stay with family for free instead of living in motels and then the RV, constantly being told it was just a few more days.

71. Instead of the Ocean or the mountains, plaintiff got to live in the RV in a repair facility through the hot and humid Houston summer.

72. After he was forced to hire an attorney and she had sent a demand letter, Defendant requested that Plaintiff pick up the vehicle. Plaintiff has no way of doing that and does not trust that the vehicle is safe.

**CLAIMS FOR RELIEF**

### Count I -

**Violation of Texas Deceptive Trade Practices Act Tex. Bus. & Com. Code § 17.46**

**(against defendant Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service)**

73. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 72

Kevin Sanders vs. Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service – Complaint

8 of 14

as if fully set forth herein.

74. Plaintiff is a consumer who purchased repair services from defendant, who is a business that can be sued under the Deceptive Trade Practices Act (DTPA) as they sell services in the state of Texas.

75. Plaintiff contracted with Defendant for repair services for his 2008 Gulf Stream Crescendo 40 UL RV on or about May 8, 2024.

76. Defendant engaged in false, misleading, or deceptive acts or practices.
    a. Defendant represented that its mechanics had skills, qualifications, and expertise they did not possess.
    b. Defendant represented that its services were of a particular standard, quality, or grade when they were not.
    c. Defendant represented that repairs would take about two weeks when they took much longer and were never completed.

77. Defendant failed to disclose information about its mechanics' lack of training and experience with RV engines, which was intended to induce plaintiff into a transaction he would not have entered had he known.

78. The deceptive acts were a producing cause of plaintiff's damages.

79. Plaintiff would not have brought his RV to defendant's facility had he known the truth about their mechanics' qualifications and the actual timeframe for repairs. As a result of defendant's deceptive acts, plaintiff suffered economic damages exceeding $178,000, including the value of his original RV, costs for a replacement RV, motel fees, storage costs, and loss of use damages.

## Count II

## Breach of Implied Warranty of Good and Workmanlike Performance of Services

### (against defendant Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service)

81. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 72 as if fully set forth herein.

Kevin Sanders vs. Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service – Complaint

9 of 14

82. Defendant provided services to plaintiff.
83. Defendant provided repair services for plaintiff's RV beginning in May 2024.
84. Defendant failed to perform those services in a good and workmanlike manner.
85. The independent inspector's report found that the engine was improperly installed, with disconnected fuel lines and wiring. Engine parts were left outside exposed to dust, sun, rain, and even a hurricane. The RV remained inoperable despite being at defendant's facility for months.
86. Plaintiff suffered damages as a result.
87. As a result of this breach, plaintiff suffered significant Damages, including the need to purchase a smaller replacement RV, motel costs, storage fees, and loss of use of his original RV.
88. Plaintiff brings his breach of warranty action both alone as well as a tie-in statute of the DTPA.

## Count III

## Negligence

**(against defendant Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service)**

88. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 72 as if fully set forth herein.
89. Defendant owed plaintiff a duty to exercise reasonable care in repairing his RV.
90. Defendant breached that duty.
91. Defendant breached this duty by improperly removing the original engine, failing to properly install the new engine, leaving parts exposed to the elements, and failing to properly connect fuel lines and wiring. The independent inspector found that the condition of the engine was a "Life Safety Issue."
92. Multiple teams of mechanics quit or were fired during the repair process, indicating poor management and quality control.
93. The breaches caused plaintiff's injury.

Kevin Sanders vs. Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service – Complaint

10 of 14

94. As a direct result of defendant's breach, plaintiff's RV remained inoperable for months and was never properly repaired, causing plaintiff to lose the use of his RV and forcing him to purchase a smaller, less efficient replacement.
95. Plaintiff suffered significant damages, including the cost of a replacement RV, motel fees, storage costs, and loss of use of his original RV.
96. Plaintiff's damages were a predictable and direct consequence of Defendant's breach of their duty of care.

## Count IV

## Negligent Misrepresentation

### (against defendant Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service)

97. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 72 as if fully set forth herein.
98. Defendant made representations to Plaintiff in the course of business and Plaintiff relied on these representations to his detriment.
99. Defendant represented to plaintiff that they had skilled mechanics qualified to work on motorhome diesel engines and that repairs would take about two weeks.
100. These representations were false, as the mechanics were not properly trained or experienced with RV engines, and the repairs took months and were never completed.
101. Defendant did not exercise reasonable care or competence in obtaining or communicating the information.
102. Defendant did not exercise reasonable care in making these representations, as they knew or should have known that their mechanics were not properly trained or experienced with RV engines.
103. Plaintiff justifiably relied on the representation.
104. Plaintiff relied on these representations when deciding to have his RV repaired at defendant's facility.

Kevin Sanders vs. Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service – Complaint

11 of 14

105. The representation proximately caused plaintiff's damages.
106. This reliance caused plaintiff to suffer significant damages when the repairs were not properly completed, including the need to purchase a smaller replacement RV, motel costs, storage fees, and loss of use of his original RV.

## Count V

## Fraud

### (against defendant Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service)

108. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 72 as if fully set forth herein.
109. Defendant made a material representation.
110. Defendant represented to plaintiff that they had skilled mechanics qualified to work on motorhome diesel engines and that repairs would take about two weeks. These representations were material to plaintiff's decision to have his RV repaired at defendant's facility.
111. The representation was false.
112. These representations were false, as the mechanics were not properly trained or experienced with RV engines, and the repairs took months and were never completed.
113. When the representation was made, defendant knew it was false or made it recklessly without knowledge of its truth.
114. Defendant knew or should have known these representations were false, as their mechanics were not properly trained or experienced with RV engines.
115. Defendant made the representation with the intent that plaintiff act upon it.
116. Defendant made these representations to induce plaintiff to have his RV repaired at their facility.
117. Plaintiff acted in reliance on the representation.
118. Plaintiff relied on these representations and brought his RV to defendant's facility.

Kevin Sanders vs. Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service -- Complaint

12 of 14

119. Plaintiff suffered injury as a result.
120. As a result, plaintiff suffered significant damages, including the need to purchase a smaller replacement RV, motel costs, storage fees, and loss of use of his original RV.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant as follows:

A. Compensatory damages against defendant in the amount of $168,074.00, including the value of the 2008 Gulf Stream Crescendo 40 UL, insurance premiums on the replacement RV, storage facility costs, cost of the refurbished engine, purchase of replacement RV, motel fees, and loss of use damages;

B. Treble damages against defendant pursuant to [Tex. Bus. & Com. Code § 17.50](#).

C. Mental anguish damages against defendant .

D. Reasonable and necessary attorney's fees pursuant to [USCS Fed Rules Civ Proc R 54](#);

E. Exemplary damages against defendant pursuant to [Tex. Civ. Prac. & Rem. Code § 41.003](#), in an amount to be determined by the jury;

F. Pre-judgment and post-judgment interest at the statutory rate pursuant to [Tex. Fin. Code § 304.104](#);

G. Costs of court pursuant to [USCS Fed Rules Civ Proc R 54](#); and

H. Such other relief as the Court deems just and proper.

//
//
//
//
//
//
//

Kevin Sanders vs. Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service -- Complaint

13 of 14

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Amy Beth Clark*
_____
Amy Beth Clark, TX Bar No. 24043761
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy, Dr.
Katy, Texas 77494
Ph: 833-663-3289
eService: cpfiling@cimentlawfirm.com
Attorney for Plaintiff, Kevin Sanders

Kevin Sanders vs. Kacal's Oil & Gas Co. dba Kacal's Auto & Truck Service -- Complaint

14 of 14