IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN SANDERS,<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:25-cv-5945 |
| KACAL'S OIL & GAS CO. d/b/a<br>KACAL'S AUTO & TRUCK SERVICE,<br>    Defendant. | §<br>§<br>§<br>§ | |

**DEFENDANT'S ORIGINAL ANSWER TO COMPLAINT**

**NOW COMES, DEFENDANT KACAL'S OIL & GAS CO. D/B/A KACAL'S AUTO & TRUCK SERVICE** ("Defendant") files this Original Answer to the Complaint of Plaintiff Kevin Sandser ("Plaintiff") and would respectfully show the Court as follows:

**I.    GENERAL DENIAL**

1. Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant generally denies each and every allegation contained in the Complaint, except those expressly admitted herein, and demands strict proof thereof.

**II.    RESPONSES TO NUMBERED ALLEGATIONS**

2. Defendant cannot admit or deny that Plaintiff is a resident of California. To the extent a response is deemed necessary, Defendant denies the allegations.

3. Defendant admits the allegations contained Paragraph 2 regarding its corporate status, principal place of business, and designation of a Texas process agent.

4. Paragraphs 3, 4, 5 assert legal conclusions regarding jurisdiction and venue to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

1

5. Defendant cannot admit or deny the allegations alleged in paragraph 6. To the extent a response is deemed necessary, Defendant denies the allegations.

6. Defendant cannot admit or deny that Plaintiff had a full career, retired, or the details surrounding Plaintiff's purchase of the vehicle in question as alleged in paragraph 7. To the extent a response is deemed necessary, Defendant denies the allegations.

7. Defendant cannot admit or deny Plaintiff's reason for purchasing the vehicle in question nor verify what his plans were for the vehicle as alleged in paragraphs 8 and 9. To the extent a response is deemed necessary, Defendant denies the allegations.

8. Defendant cannot admit or deny what maintenance the vehicle in question underwent prior to its arrival at Defendant's business, as alleged in paragraphs 9, 10, 11. To the extent a response is deemed necessary, Defendant denies the allegations.

9. Defendant denies the allegations alleged in paragraphs 12, 14 including any assertion that Defendant violated the Texas Trade Deceptive Practices Act, or any other statute, law, or regulation. Defendant further denies that any alleged statutory or regulator violation constitutes negligence that caused Plaintiff's alleged injuries or damages.

10. Defendant denies the allegations alleged in paragraphs 15, 16, 17, 18, 19, 20, 21 including any assertion that Defendant caused unreasonable expenses and delays in the service of Plaintiff's vehicle.

11. Defendant denies that Plaintiff placed an order for a new engine as alleged in paragraph 22.

12. Defendant denies the allegations alleged in paragraph 23, including any assertion that Defendant forced Plaintiff to order a specific engine at a specific price point.

13. Defendant denies the allegations alleged in paragraphs 24, 25, 26, including any assertion that Defendant caused undue delay in the service of this vehicle, operated in an unprofessional manner, or that Defendant's employees were not qualified.

14. Defendant cannot admit or deny the allegations alleged in paragraphs 27, 28, 29 including any allegations that Defendant forced Plaintiff into a specific living arrangement or denied Plaintiff access to his vehicle. To the extent a response is deemed necessary, Defendant denies the allegations.

15. Defendant denies the allegations set forth in paragraphs 30, 31, 32, 33, 34, 35, 38, 39 including any allegation that Defendant caused unreasonable delay in the service of this vehicle, employed unskilled untrained workers, or caused damage to the subject vehicle.

16. Defendant denies the allegations alleged in paragraph 40 including any allegations that Defendant told its employees, agents, or servants to cease work on Plaintiff's vehicle.

17. Defendant denies the allegations alleged in paragraphs 41, 42, 43, 44, 45, 46, 47, 48, 49 including any allegations alleged by Mr. Riggs, any allegations that Defendant was negligent in its service of the vehicle and any allegations that Defendant purposefully damaged the vehicle.

18. Defendant cannot admit or deny the allegations alleged in paragraphs 50, 51. To the extent a response is deemed necessary, Defendant denies the allegations.

19. Defendant denies the allegations alleged in paragraphs 52, 53, 55 including any allegation that Defendant refused to communicate with plaintiff or service his vehicle or offer alternative options for the service of Plaintiff's vehicle.

20. Defendant cannot admit or deny the allegations alleged in paragraphs 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69. To the extent a response is deemed necessary, Defendant denies the allegations.

21. Defendant denies the allegations alleged in paragraphs 70, 71, 72 including any allegations that Defendant was untruthful, allegations that Defendant forced Plaintiff to stay in Houston, and any allegations that Defendant forced Plaintiff into this lawsuit.

22. First Cause of Action - Texas Deceptive Trade Practices Act. Defendant denies that Plaintiff qualifies as a consumer under the Texas Deceptive Trade Practices Act (DTPA) and denies that Defendant engaged in any false, misleading, or deceptive acts. To maintain a DTPA cause of action, a claimant must establish that he or she is a consumer of the defendant's goods or services, that the defendant committed a false, misleading, or deceptive act in connection with the lease or sale of goods or services, and that such actions were the producing cause of the claimant's actual damages.  A person qualifies as a consumer under the DTPA by meeting two requirements: first, the person must seek or acquire goods or services by lease or purchase, and second, the goods or services sought or acquired must form the basis of the party's complaint. Defendant denies that the services provided form the basis of Plaintiff's complaint where Plaintiff insisted on using refurbished parts against Defendant's advice.

23. Second Cause of Action - Breach of Warranty. Defendant denies that it breached any warranty of good and workmanlike performance of services. Defendant denies that any warranty was applicable where Plaintiff insisted on using refurbished parts and a refurbished engine against Defendant's professional advice.

4

24. Third Cause of Action - Negligence. Defendant denies that it was negligent in the performance of repair services. Defendant denies that it owed any duty that was breached or that any alleged breach was the proximate cause of Plaintiff's damages.

25. Fourth Cause of Action - Negligent Misrepresentation. Defendant denies that it made any negligent misrepresentations to Plaintiff. Defendant denies that it made any false statements or failed to disclose any material information.

26. Fifth Cause of Action - Fraud. Defendant denies that it committed fraud or made any intentional misrepresentations to Plaintiff. Defendant denies that it acted with actual awareness of any falsity or deception coupled with specific intent that Plaintiff act in detrimental reliance.

### III.    AFFIRMATIVE DEFENSES

Without assuming any burden that would otherwise rest on Plaintiff, and expressly reserving the right to amend as discovery proceeds, Defendant asserts the following defenses:

### A.  *Failure to State a Claim Upon Which Relief Can Be Granted - DTPA Consumer Status*

27. Plaintiff's DTPA claim fails because Plaintiff does not qualify as a consumer under the DTPA. Consumer status is an essential element of a DTPA cause of action.  To qualify as a consumer under the DTPA, a person must seek or acquire goods or services by purchase or lease, and the goods or services purchased or leased must form the basis of the complaint. Here, Plaintiff insisted on using refurbished parts and a refurbished engine against Defendant's professional advice, the services provided by Defendant do not form the basis of Plaintiff's complaint. Rather, Plaintiff's complaint arises from his own decisions regarding the parts and engine to be used.

### B.  *Comparative Responsibility/Proportionate Responsibility*

5

28. To the extent Plaintiff suffered any damages, such damages were caused in whole or in part by Plaintiff's own acts, omissions, and negligence. Under Texas law, the trier of fact shall determine the percentage of responsibility for each person's causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. Although the common law affirmative defenses of assumption of the risk and contributory negligence no longer exist under Texas law, the underlying concepts remain relevant under Texas's proportionate-responsibility statute, and the same facts that tend to prove assumption of the risk or contributory negligence may be used to diminish a plaintiff's recovery by demonstrating that the plaintiff bore some portion of the responsibility for his own injuries.

29. Plaintiff's Contributory Actions. Plaintiff's damages, if any, were caused or contributed to by Plaintiff's own actions, including but not limited to: (a) refusing to follow Defendant's professional advice; (b) insisting on using a refurbished engine and refurbished parts; and (c) using an RV with an engine not meant for on-road use. These facts demonstrate that Plaintiff bore some portion, if not the majority, of the responsibility for any alleged injuries or damages.

## C.   *Assumption of Risk*

30. Plaintiff assumed the risk of any damages by insisting on using refurbished parts and a refurbished engine against Defendant's professional advice. While assumption of risk is no longer a standalone affirmative defense under Texas law, the underlying concepts remain relevant under Texas's proportionate-responsibility statute, and defendants bear the burden of proof on these defensive issues. Plaintiff's deliberate decision to proceed with refurbished

6

components despite being advised otherwise demonstrates that Plaintiff knowingly assumed the risks associated with such decisions.

### D.  Failure of Consideration

31. In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including failure of consideration. Under Texas law, a party must set forth affirmatively failure of consideration and any other matter constituting an avoidance or affirmative defense. To the extent Plaintiff seeks recovery for services, Plaintiff failed to provide adequate consideration where Defendant allowed Plaintiff to live on Defendant's property and Defendant incurred its own costs in connection with the services provided.

### E.  Waiver

32. Plaintiff waived any claims for breach of warranty, negligence, negligent misrepresentation, and fraud by insisting on using refurbished parts and a refurbished engine against Defendant's professional advice. By making these demands and proceeding with the repairs using components Defendant advised against, Plaintiff waived any right to claim that Defendant's services were deficient.

### F.  Lack of Intentional Conduct

33. To the extent Plaintiff alleges intentional violations of the DTPA or fraud, such claims fail because Defendant did not act intentionally. Under Texas law, intentionally means actual awareness of the falsity, deception, or unfairness of the act or practice coupled with the specific intent that the consumer act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. Defendant did not have actual awareness of any falsity or deception, nor did Defendant have specific intent that Plaintiff act in detrimental reliance. To the contrary, Defendant provided professional advice that Plaintiff chose to disregard.

### G.  Lack of Unconscionable Action

34. To the extent Plaintiff alleges unconscionable action under the DTPA, such claim fails. Under Texas law, unconscionable action or course of action means an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.  Defendant did not take advantage of Plaintiff's lack of knowledge, ability, experience, or capacity. Rather, Defendant provided professional advice that Plaintiff rejected in favor of his own preferences. Defendant's actions in allowing Plaintiff to live on Defendant's property and incurring costs further demonstrate the absence of any unconscionable conduct.

### H.  Failure to Disclose Requires Knowledge

35. To the extent Plaintiff alleges failure to disclose material information, such claim fails. To be actionable under the DTPA, a failure to disclose material information necessarily requires that the defendant have known the information and have failed to bring it to the plaintiff's attention. Defendant did not fail to disclose any material information. To the contrary, Defendant provided advice regarding the use of refurbished parts and engine, which Plaintiff chose to disregard.

### I.  Estoppel

36. Plaintiff is estopped from asserting claims against Defendant where Plaintiff insisted on using refurbished parts and a refurbished engine against Defendant's professional advice. Plaintiff cannot now claim that Defendant's services were deficient when Plaintiff dictated the materials and components to be used in the repairs.

### J.  Offset and Credit

8

37. To the extent Plaintiff seeks damages, any such damages must be offset by the value of benefits Defendant provided to Plaintiff, including allowing Plaintiff to live on Defendant's property and costs incurred by Defendant in connection with the services.

### K. *Reservation of Additional Defenses*

38. Defendant reserves the right to assert additional affirmative defenses as may become known through discovery and further investigation of the facts and circumstances of this case.

## IV.    JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Defendant hereby demands a trial by jury on all issues so triable in this action. This demand is made in accordance with the laws of the United States and the State of Texas, which govern the jurisdiction of this matter. The Defendant reserves the right to withdraw this demand only upon express written agreement of all parties to this action and with the approval of the Court.

The parties acknowledge that this jury demand is made in good faith and in compliance with all applicable procedural rules. The Defendant further asserts that this demand is timely filed and does not waive any other rights, defenses, or objections available under the Federal Rules of Civil Procedure or applicable law.

The Court is respectfully requested to note this demand for a jury trial in the docket and to schedule all proceedings accordingly.

## V.    PRAYER

**WHEREFORE, PREMISES CONSIDERED, DEFENDANT KACAL'S OIL & GAS CO. D/B/A KACAL'S AUTO & TRUCK SERVICE** respectfully prays that upon final disposition of this case, Plaintiff take nothing by reason of Plaintiff's allegations against **DEFENDANT KACAL'S OIL & GAS CO. D/B/A KACAL'S AUTO & TRUCK SERVICE**

9

and that this Court grant **DEFENDANT KACAL'S OIL & GAS CO. D/B/A KACAL'S AUTO & TRUCK SERVICE** such other relief to which it may be entitled, including but not limited to reimbursement for the costs incurred in responding to and defending the allegations raised against them in Plaintiff's Original Petition.

**Respectfully submitted,**

**PAUL GARCIA & ASSOCIATES**
6243 W IH-10, Suite 808
San Antonio, Texas 78201
T: (210) 340-1818; F: (210) 340-4073
E: service@pgtxlaw.com

*/s/ Paul Garcia*
PAUL GARCIA
State Bar No. 00798199
CLARKSON F. BROWN
State Bar No. 00798082

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on the 31st day of March, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system and/or by email in accordance with Federal Rule of Civil Procedure 5(b).

*/s/ Paul Garcia*
PAUL GARCIA

10